IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES BAILEY, *pro se*, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-3255 |
| WARFIELD & ROHR, | * | |
| Defendant. | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## **MEMORANDUM OPINION**

Plaintiff Charles Bailey ("plaintiff" or "Bailey") has filed a *pro se* complaint against Defendant Warfield & Rohr[1] ("Warfield & Rohr"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*. Specifically, Plaintiff alleges that his former employer, Defendant Warfield & Rohr terminated his employment, failed to accommodate his disability, and undertook retaliatory action based on his race, color, and disability or perceived disability.

Now pending before this Court is Defendant's Motion to Dismiss (ECF No. 6) ("Defendant's Motion").[2]  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons stated below, Defendant

---

[1] Defendant is identified in the Complaint as Warfield & Rohr; defendant's Motion to Dismiss (ECF No. 9) properly identifies defendant as Warfield-Rohr Casket Company. (ECF No. 6 at 1.)

[2] Also pending before this Court is Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 14) and Plaintiff's Motion for Legal Representation (ECF No. 15). In light of this Court's ruling herein, Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 14) is DENIED AS MOOT. Additionally, as it would be futile to appoint counsel even for the purposes of the pending motion, Plaintiff's Motion for Legal Representation (ECF No. 15) is DENIED.

Warfield & Rohr's Motion to Dismiss (ECF No. 6) is GRANTED, and this case is DISMISSED.

BACKGROUND

This Court accepts as true the facts alleged in Plaintiffs' Complaint. *See Asiz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  This Court also recognizes that Plaintiff is *pro se* and has accorded his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff Charles Bailey alleges that he suffered discrimination on the basis of his race, color, and disability or perceived disability through his employment with Defendant Warfield & Rohr, a company in the business of making caskets.  Bailey began work at Warfield & Rohr on November 4, 2004. (Compl., ECF No. 1-1.)  Bailey is African-American, and states that he was the "only [b]lack [m]an in the warehouse." (*Id.*)  Bailey alleges that throughout the course of his employment with Defendant Warfield & Rohr, and since his termination on December 1, 2015, Defendant's "company Heads, their children, [and] employees" made repeated racially-charged derogatory remarks directed at the Plaintiff, and harassed and discriminated against him.  (*Id.*)  Specifically, Bailey alleges that he "was forced to sign a contract stating if theft arises . . . [he] would have to take a polygraph" and "years later," he alleges he found out he "was the only employee forced to do so . . . simply because [he's] Afro-American." (*Id.*)

Bailey claims that he "filed an EEOC report in 2014" with the United States Equal Employment Opportunity Commission ("EEOC") "due to [h]arrasment [and] [d]iscrimination[] of company Heads, their children, [and] employees." (ECF No. 1-1.) However, Plaintiff does not provide any record of this 2014 EEOC report, nor does he

provide a Notice of Right to Sue Letter on this alleged report. (ECF No. 1.) The only EEOC filings before the Court are Plaintiff's 2016 Charge and the EEOC's Right to Sue letter on that Charge. (ECF No. 1-1; ECF No. 6-2.) Even accepting as true Plaintiff's assertion that he filed an EEOC report in 2014, it does not appear that his complaint filed on the basis of that report would be timely. (*See* ECF No. 1; ECF No. 1-1; ECF No. 6-2.)

In his EEOC charge, Bailey alleges that Warfield & Rohr's employees continued to make racially-charged derogatory comments to him, and that the "President of the company," Michael Osmeyer, "assaulted" Bailey on November 27, 2015. (*Id.*) Bailey called the police to the scene. (*Id.*) On December 1, 2015, Warfield & Rohr issued a letter terminating Bailey's employment. (*Id.* at 2.) The termination letter cited Bailey's "ongoing serious misconduct and performance issues" and his "falsely reporting to the Baltimore City Police Department that Company Vice President Michael Osmeyer assaulted" him. (*Id.*) On January 29, 2016, Michael Osmeyer filed a Peace Order in the District Court of Maryland for Baltimore County against Bailey. (ECF No. 1-1 at 6.) The Peace Order referred to Bailey as a "Negro." (*Id.*) On February 24, 2016, after a hearing on the matter, the Peace Order was issued against Bailey based on his "threaten[ing]" Osmeyer. (*Id.* at 9.)

On September 7, 2016, Bailey filed an EEOC Charge of Discrimination.  (ECF No. 6-2.) This charge alleges discrimination in violation of Title VII of the Civil Rights Act of 1964 based on Bailey's race and "harassment by referring to [Bailey] as 'negro' on a court document." (*Id.*) The dates of the alleged discriminatory conduct correspond to the date that the Peace Order was filed—January 29, 2016—nearly two months after Bailey's termination. (*Id.*)

On September 9, 2016, the EEOC denied his claim, but issued Bailey a Right to Sue letter based on his September 7, 2016 charge. (ECF No. 1-1.) Bailey timely filed his Complaint in this Court on September 26, 2016. (ECF No. 1.)

<u>STANDARD OF REVIEW</u>

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

In a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the

proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dept. of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).

ANALYSIS

Defendant moves to dismiss the Complaint based on Plaintiffs' failure to exhaust available administrative remedies. (ECF No. 6-1 at 5-7.)[3]  Prior to filing a Title VII claim in federal court, "a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC [United States Equal Employment Opportunity Commission]." *Edelman v. Lynchburg College*, 228 F.3d 503, 506 (4th Cir. 2000).  A failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim "deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 1999).  As the United States Court of Appeals for the Fourth Circuit has explained, a federal discrimination claim brought by a private party cannot be heard in federal court "until the EEOC has conducted an investigation and determined the validity of the claim." *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 138 (4th Cir. 1995).  The plaintiff bears the burden of proving subject matter jurisdiction.  *Smith v. Wash. Metro Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002).

Similarly, the Americans with Disabilities Act ("ADA") requires that a plaintiff first file a charge of discrimination with the EEOC and exhaust the EEOC's administrative process in order to file a civil action arising under the statute.  42 U.S.C. § 12117(a).  *See*

---

[3] Defendant also contends that even if the Plaintiff exhausted the available administrative remedies, the complaint should nonetheless be dismissed for failure to state a cognizable claim for relief under Title VII and the ADA. (*Id.* at 7-11.) The Court need not reach this alternative argument.

*Michaels v. Cont'l Reality Corp.*, RDB-10-1998, 2011 WL 4479697, at *5 (D. Md. Sept. 26, 2011), *aff'd sub nom. Michaels v. Cont'l Realty Corp.*, 469 F. App'x 209 (4th Cir. 2012).  A court should dismiss such a discrimination lawsuit if the plaintiff has not exhausted required administrative remedies before bringing suit. *Chacko v. Patuxent Institution,* 429 F.3d 505, 508–09 (4th Cir. 2005).  The dual purposes of this requirement are to put the charged party on notice of the claims against it and to allow the EEOC to attempt voluntary conciliation with the party of the allegations. *Causey v. Balog,* 162 F.3d 795, 800 (4th Cir. 1998).  To fulfill this obligation, a plaintiff must set forth in his EEOC grievance all factual allegations that he anticipates raising.  *Chacko,* 429 F.3d at 509.  Because lawyers do not typically complete the administrative charges, courts tend to construe them liberally.  *Alvarado v. Bd. of Trs. Of Montgomery Cmty. Coll.,* 848 F.2d 457, 460 (4th Cir.1988).

Plaintiff has failed to exhaust available administrative remedies with the EEOC regarding the alleged discriminatory action.  *See* 29 C.F.R. § 1614.  Although Plaintiff indicates that he "filed an EEOC report in 2014 due to [] [h]arrasment [and] [d]iscrimination" by Defendant's employees, Plaintiff has not provided any record of this EEOC "report" nor any accompanying Right to Sue Letter supporting the present Complaint's alleged discrimination. (ECF No. 1 at 6; ECF No. 1-1.) Even accepting as true Plaintiff's assertion that he filed an EEOC report in 2014, it does not appear that his complaint filed on the basis of that report would be timely. (*See* ECF No. 1; ECF No. 1-1; ECF No. 6-2.)

What *is* properly before this Court is Plaintiff's September 7, 2016 EEOC Charge of Discrimination for which he was issued a Right to Sue letter on September 9, 2016. (ECF

No. 6-2; ECF No. 1-1). That Charge was based on the January 29, 2016 filing of a Peace Order referring to Plaintiff as a "Negro." (*Id.*). In turn, the Right to Sue letter presented to this Court is based on Plaintiff's charge alleging discriminatory action on January 29, 2016, and *not* on any of the claims of discrimination raised by Plaintiff in his present Complaint. (ECF No. 1 at 6; ECF No. 6-2.) This Charge is not related to Plaintiff's employment with Defendant because the Peace Order was filed on January 29, 2016, almost 2 months *after* Plaintiff's employment terminated on December 1, 2015. Furthermore, this Charge only alleged discrimination based on race, and not based on color or disability, as is alleged in Plaintiff's present Complaint. (ECF No. 6-2).[4]

As the allegations of discrimination in the Complaint refer to conduct outside the scope of Plaintiff's 2016 EEOC Charge, Plaintiff has failed to exhaust his administrative remedies, and this Court is without jurisdiction to hear these claims. *See Banhi v. Papa John's USA, Inc.*, RWT-12-0665, 2013 WL 3788573, at *4 (D. Md. July 18, 2013), *aff'd*, 583 F. App'x 268 (4th Cir. 2014) ("If the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.") (internal citations omitted).  Accordingly, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED, and Plaintiff's Complaint (ECF No. 1) must be DISMISSED.

---

[4] The Court notes that, in submitting the present Complaint, Plaintiff was provided with a notice that "[o]nly those grounds raised in the charge filed with the [EEOC] can be considered by the federal district court under the federal employment discrimination statutes." (ECF No. 1).

<u>CONCLUSION</u>

For the reasons stated above, Defendant Warfield & Rohr's Motion to Dismiss (ECF

No. 6), is GRANTED.  Plaintiff's Complaint is thus DISMISSED in its entirety.

A separate Order follows.

Dated:          March 10, 2017

                                        _____/s/_____
                                        Richard D. Bennett
                                        United States District Judge